# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER PETROPOLOUS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FCA US, LLC, <br><br> Defendant. | Case No.: 17-CV-0398 W (KSC) <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO REMAND [DOC. 6]** |

Defendant removed this action from the Superior Court of California on February 27, 2017. (*Notice of Removal* [Doc. 1].) Plaintiffs now move to remand. (*Pls.' Mot.* [Doc. 6].) Defendant opposes. (*Def.'s Opp'n* [Doc. 8].) The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, Plaintiffs' motion will be denied.

//
//
//
//
//
//
//

1

## I. BACKGROUND

In March of 2011, Plaintiffs purchased a new 2011 Dodge Durango from Defendant FCA US LLC. (*See Compl.* [Doc. 1-2, Exh. A] ¶¶ 4, 8.) The vehicle experienced recurrent problems. (*See id.* [Doc. 1-2, Exh. A] ¶ 9.) The Complaint alleges that between August of 2012 and July of 2015, Plaintiffs delivered it to an FCA US repair facility on nine separate occasions due to issues with a part known as the "totally integrated power module," or TIPM. (*See id.* [Doc. 1-2, Exh. A] ¶¶ 10–13, 94–102.) According to the Complaint, Defendant concealed the defect with the part, together with safety risks resulting from the problem. (*See id.* [Doc. 1-2, Exh. A] ¶ 103.) Plaintiffs joined as putative class members in Velasco, et al. v. Chrysler Group LLC, No. 13-CV-8080 DDP (VBK) (C.D. Cal.), a class action dealing with substantially similar facts to those alleged here. (*Id.* [Doc. 1-2, Exh. A] ¶¶ 117–133.) Plaintiffs opted out of the class in order to pursue their individual claims. (*Id.* [Doc. 1-2, Exh. A] ¶ 131.)

Plaintiffs brought this action in the Superior Court of California against FCA US LLC and Peck Jeep Eagle, Inc., on March 30, 2016, alleging: (1) breach of an express warranty in violation of the Song-Beverly Act; (2) breach of an implied warranty in violation of the Song-Beverly Act; (3) fraudulent inducement through concealment; and (4) negligent repair. (*Compl.* [Doc. 1-2, Exh. A].) Parties engaged in discovery over the next eleven months, and the matter was set for trial on March 17, 2017. (*Hamblin Decl.* [Doc. 6-1] ¶¶ 7–8.)

Defendant Peck Jeep Eagle, a California corporation with its principal place of business in California, filed for Bankruptcy in the United States District Court for the Southern District of California on January 17, 2017. (*Def.'s Opp'n* [Doc. 8] 2:3–8; *Compl.* [Doc. 1-2, Exh. A] ¶ 3.) It filed a Notice of Automatic Stay in the state-court action. (*Def.'s Opp'n* [Doc. 8] 2:3–8; *Register of Actions* [Doc. 1-7, Exh. F] 2.) Thereafter, on February 15, 2017, Plaintiffs dismissed Peck Jeep Eagle from the state-court action with prejudice. (*See Notice of Removal* [Doc. 1] ¶¶ 5–7; *Register of Actions*

[Doc. 1-7, Exh. F] 2.) On February 27, 2017, within two weeks of the dismissal of Peck Jeep Eagle, Defendant FCA US LLC removed the action. (*Notice of Removal* [Doc. 1].)

Plaintiffs now move to remand, arguing: (1) that this case does not meet the complete diversity and amount in controversy requirements of 28 U.S.C. § 1332; and (2) that comity principles counsel against the exercise of original federal subject matter jurisdiction in this case. (*See Pls.' Mot.* [Doc. 6].)

## II. LEGAL STANDARD

### A. Removal Jurisdiction—Diversity of Citizenship

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).

The party seeking to invoke removal jurisdiction bears the burden of supporting its jurisdictional allegations with competent proof. See Gaus v. Miles. Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "The propriety of removal . . . depends on whether the case originally could have been filed in federal court." Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997); 28 U.S.C. § 1441(a). Where the amount in controversy is unclear from the face of the complaint, courts apply a preponderance of the evidence standard. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007).

There is a "strong presumption" against removal jurisdiction, and the defendant always bears the burden of establishing the propriety of removal. See Gaus, 980 F.2d at

3

566 (internal quotation omitted); Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n.3 (9th Cir. 1990) (internal citation omitted).

### III. DISCUSSION

#### A. The Court Has Original Subject Matter Jurisdiction.

##### 1. Diversity of Citizenship

The existence of diversity jurisdiction requires that the citizenship of each plaintiff be diverse from that of each defendant. See 28 U.S.C. § 1332; Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Put another way, no plaintiff may be a citizen of the same state as any defendant. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) (internal citation omitted).

A person's citizenship "is . . . determined by her state of domicile, . . . her permanent home, where she resides with the intention to remain or to which she intends to return." See Kanter v. Warner-Lambert, 265 F.3d 853, 857 (9th Cir. 2001) (internal citation omitted).

###### a) Plaintiffs' Citizenship

As to Plaintiffs' citizenship, the Complaint alleges that Petropolous and Nelson are "individuals residing in the City of San Diego, County of San Diego, and State of California." (*Compl.* [Doc. 1-2, Exh. A] ¶ 1.) The Notice of Removal alleges that Plaintiffs are both "citizens and residents of the State of California." (*Notice of Removal* [Doc. 1] ¶ 9.) Plaintiffs do not argue otherwise in their motion. (*See Pls.' Mot.* [Doc. 6] 10:15–12:23.) However, in their reply brief, they contend for the first time that "Defendant has failed to [e]stablish Plaintiffs' [c]itizenship." (*Pls.' Reply* [Doc. 12] 3:2–19.) The Court "need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (citing Koerner v. Grigas, 328 F.3d 1039, 1048 (9th Cir. 2003)). Plaintiffs produce no evidence to indicate that they are not California citizens. In the absence of such evidence, it would be unfair to Defendant to consider an empty factual challenge made for the first time in a reply brief. The Notice

4

of Removal adequately alleges that Plaintiffs are California citizens. There is no reason to suspect that this allegation is incorrect.

### b) Defendant's Citizenship

As to Defendant's citizenship, the Notice of Removal alleges that FCA US LLC is a limited liability company, the sole member of which is Fiat Chrysler Automobiles, N.V., "a [publicly] traded company incorporated under the laws of the Netherlands[.]" (*Notice of Removal* [Doc. 1] ¶ 10.)

"[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Because foreign entities are not domestic corporations, they are not subject to 28 U.S.C. § 1332(c), but rather to 28 U.S.C. § 1332(a)(2), which covers "citizens or subjects of a foreign state." See Cohn v. Rosenfeld, 733 F.2d 625, 630 (9th Cir. 1984). "Section 1332(a)(2) applies to foreign legal entities of all kinds, so long as the entity is considered a juridical person under the law that created it." Cohn, 733 F.2d at 629. A juridical person is "[a]n entity, such as a corporation, created by law and given certain legal rights and duties of a human being; a being, real or imaginary, who for the purpose of legal reasoning is treated more or less as a human being." PERSON, Black's Law Dictionary (10th ed. 2014). In making this determination, the Court may consider whether the entity in question has certain traditional corporate characteristics, such as: (1) the protections of limited liability; (2) the ability to sue and be sued in its own name; and (3) the capacity to retain any recovery from a lawsuit as an asset of the entity. See Cohn, 733 F.2d at 629.

Plaintiffs offer several objections to Defendant's evidence as to its citizenship.

First, Plaintiffs offer foundation and hearsay objections to a declaration Defendant uses to establish its corporate structure. (*Pls.' Mot.* [Doc. 6] 11:22–12:23.)

The declaration is that of Kris Krueger, who holds the position of Senior Staff Counsel at FCA US LLC. (*See Krueger Decl.* [Doc. 1-8] ¶ 1.) Plaintiffs contend that Krueger lacks foundation to testify as to the corporate structure of his employer's parent company because he works for FCA US LLC, not Fiat Chrysler Automobiles, N.V., its

5

sole member. (*Pls.' Mot.* [Doc. 6] 11:26–12:1.) Plaintiffs also offer a hearsay objection to the testimony. (*Id.* [Doc. 6] 12:3–4.)

> **A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703.**

F. R. Evid. 602. Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. F. R. Evid. 802. " 'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

Plaintiffs' objections are overruled. As to foundation, Mr. Krueger's position as a senior in-house attorney lends every reason to believe that he knows under which laws his employer's sole member was incorporated. (*See Krueger Decl.* [Doc. 1-8].) See F. R. Evid. 602. And as to hearsay, Plaintiffs simply do not identify any hearsay statements within Krueger's declaration. See F. R. Evid. 801.

Second, Plaintiffs object to evidence Defendant uses to establish that a Dutch N.V. is a juridicial person pursuant to the laws of the Netherlands. (*See Pls.' Mot.* [Doc. 6] 11:22–12:23; *Pls.' Reply* [Doc. 12] 5:17–23.)

"In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."[1] Fed. R. Civ. P. 44.1.

In connection with the Notice of Removal, Mr. Krueger, Senior Staff Counsel at FCA US LLC, declares that "Fiat Chrysler Automobiles N.V. is an independent legal

---

[1] Plaintiffs cite this rule, but they conspicuously omit the phrase "whether or not submitted by a party or admissible under the Federal Rules of Evidence." (*See Pls.' Reply* [Doc. 12] 5:15–17.) Fed. R. Civ. P. 44.1. In the sentences directly following the citation, they present a foundation objection implicitly grounded in Federal Rule of Evidence 602. (*See id.* [Doc. 12] 5:17–23.)

entity, having separate patrimony and legal standing from any of its investors or legal representatives under the laws of the Netherlands." (*Krueger Decl.* [Doc. 1-8] ¶ 8.) Krueger further declares that "Fiat Chrysler Automobiles N.V. may sue in its own name in the courts of the Netherlands," (*id.* [Doc. 1-8] ¶ 9), and that "[a]ny recovery obtained in a lawsuit brought by . . . Fiat Chrysler Automobiles N.V. belongs to the business entity, not its investors, under the laws of the Netherlands." (*Id.* [Doc. 1-8] ¶ 10.)

Furthermore, in opposition to the motion to remand, Defendant attaches a translated copy of a relevant portion of the Dutch Civil Code, which it downloaded from the website www.dutchcivillaw.com. (*Dutch Civil Code* [Doc. 8-3]; *Shepardson Decl.* [Doc. 8-1] ¶ 4.) The code states, "*[a]n Open Corporation ('naamloze vennootschap') is a legal person* with an authorized capital divided in transferable shares. A shareholder is not personally liable for what is performed in the name of the Corporation and he is not obliged to contribute to the losses of the Corporation for more than what he has paid up or still has to pay up on his shares." (*Id.* [Doc. 8-3] 2:64-1 (emphasis added).) The Dutch Civil Code repeatedly uses the phrase "juridicial act" to refer to potential acts of the N.V. legal entity. (*See id.* [Doc. 8-3] 2:69-2, 2:93-1, 2:93-4, 2:94-1.)

Plaintiffs object to both piece of evidence—Krueger's declaration, and the translated copy of the Dutch Civil Code. (*See Pls.' Mot.* [Doc. 6] 11:22–12:23; *Pls.' Reply* [Doc. 12] 5:17–23.) Notably, they do not contend that either Mr. Krueger's declaration or the translation is incorrect in any way. Nor do they offer an alternative interpretation or translation of Dutch law. (*Pls.' Reply* [Doc. 12] 5:5–26.)

Plaintiffs' objections are overruled. Both these items of evidence as to foreign law are relevant, and the Court considers them. <u>See</u> Fed. R. Civ. P. 44.1.

Plaintiffs offer one final objection, that Defendant did not give sufficient notice of the intent to raise an issue about a foreign country's law. (*See Pls.' Reply* [Doc. 12] 5:13–15.) This is without merit.

"A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." Fed. R. Civ. P. 44.1.

7

Plaintiffs themselves raised the issue of foreign law when they filed their motion to remand. (*See Pls.' Mot.* [Doc. 6] 10:15–12:23.) To the extent they argue that Defendant raised the issue simply by removing the case, Plaintiffs offer no reasoning as to why the Notice of Removal would not fall within Rule 44.1's definition of "pleading or other writing."

Mr. Krueger's declaration and the translation of the Dutch Civil Code adequately demonstrate that a Dutch N.V. is a juridical person pursuant to the law that created it, and that Defendant FCA US LLC's sole member is Fiat Chrysler Automobiles, N.V., a Dutch N.V. (*See Krueger Decl.* [Doc. 1-8]; *Dutch Civil Code* [Doc. 8-3]; *Shepardson Decl.* [Doc. 8-1] ¶ 4.) See Cohn, 733 F.2d at 628–30. This conclusion is in accord with overwhelming authority involving this same issue as to this same defendant. See Kotulski v. FCA US LLC, No. 17-CV-0527 AJB (BGS), 2017 WL 2705429, at *4 (S.D. Cal. June 23, 2017) (Battaglia, J.) (holding that FCA US LLC and its sole member, Fiat Chrysler Automobiles, N.V., is "more likely than not a citizen of the Netherlands"); Johnson v. FCA US LLC, No. 17-CV-0536 AJB (BGS), 2017 WL 2705430, at *4 (S.D. Cal. June 23, 2017) (Battaglia, J.) (same); Demaria v. FCA US LLC, No. 17-CV-0539 AJB (BGS), 2017 WL 2705431, at *4 (S.D. Cal. June 23, 2017) (Battaglia, J.) (same); Garcia v. FCA US, LLC, 2016 WL 4445337, at *3 (E.D. Cal. Aug. 24, 2016) ("[D]efendant has adequately asserted and established that Fiat Chrysler Automobiles, N.V.[,] is a juridical person under the laws of Netherlands . . . ."); Patty v. FCA US, LLC, 2017 WL 950491, at *4 (E.D. Cal. Mar. 10, 2017) ("Fiat Chrysler Automobiles is a juridical person . . . .").

As a Dutch N.V., Fiat Chrysler Automobiles, N.V., is a juridical person and a citizen of the Netherlands for the purposes of a diversity jurisdiction analysis. See 28 U.S.C. § 1332(a); Cohn, 733 F.2d at 628–30. Because FCA US LLC's sole member is Fiat Chrysler Automobiles, N.V., it is also a citizen of the Netherlands. See Johnson, 437 F.3d at 899.

8

As Plaintiffs are both citizens of California and Defendant is a citizen of the Netherlands, complete diversity of citizenship exists between the parties. See 28 U.S.C. § 1332(a).

### 2. Amount in Controversy

Plaintiffs challenge the amount in controversy calculation within the Notice of Removal. (*See Pls.' Mot.* [Doc. 6] 7:14–10:14.) They do not provide their own damages figure—either in their motion or in the Complaint. (*See id.*; *Compl.* [Doc. 1-2, Exh. A].) Moreover, according to Defendant, Plaintiffs provided a response to a special interrogatory on the issue that was similarly lacking in a damage figure. (*See Def.'s Opp'n* [Doc. 8] 12:16–25; *Interrogatory Response* [Doc. 8-10].)

The Beverly-Song Act provides for restitution "in an amount equal to the actual price paid or payable by the buyer, . . . including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees[.]" See Cal. Civ. Code § 1793.2(d)(2)(B). The Act allows a defendant to reduce that amount "by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."[2] See Cal. Civ. Code § 1793.2(d)(2)(C). The Act further provides a civil penalty "up to two times the amount of actual damages." Cal. Civ. Code § 1794(c). Moreover, it provides for an award of reasonable attorneys' fees to a prevailing buyer.[3] See Cal. Civ. Code § 1794(d).

---

[2] The statute specifies that the amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle for repair is to be calculated pursuant to the following equation: $(X/120{,}000)*$the price paid or payable for the vehicle, where X is the number of miles driven prior to the time the vehicle was first delivered for repair. See Cal. Civ. Code § 1793.2(d)(2)(C).

[3] The Court includes attorneys' fees as part of the amount in controversy. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).

9

Among other remedies, the Complaint seeks restitution, civil penalties of two times actual damages, and attorneys' fees. (*See Compl.* [Doc. 1-2, Exh. A] 30.) Defendant calculates the amount paid for the vehicle based on the cash price paid, $35,678, a figure provided in the sale contract attached to the Complaint. (*Def.'s Opp'n* [Doc. 8] 12:3–15; *Sales Contract* [Doc. 1-2, Exh. 1].) Defendant also includes a $4,000 estimate of Plaintiffs' interest paid to date.[4] (*See Def.'s Opp'n* [Doc. 8] 12:3–15; *Sales Contract* [Doc. 1-2, Exh. 1].) Defendant then calculates a $7,225.09 mileage offset per Cal. Civ. Code § 1793.2(d)(2)(C), according to the mileage figure of 24,301 when the vehicle was first brought in for repair.[5] (*See Def.'s Opp'n* [Doc. 8] 13:1–14:9; *Repair Order* [Doc. 8-11].) Plaintiffs do not appear to object to the offset calculation in the reply, nor do they provide their own figures. (*Pls.' Reply* [Doc. 12] 6:1–8:3.) They instead choose to focus almost entirely on ostensible deficiencies in the damage calculations within the Notice of Removal—an issue not relevant to the issue of whether jurisdiction exists. (*See id.*)

Even without factoring any interest into the calculations, Plaintiffs' restitution would be $35,678 subtracted by a mileage offset of $7,225.09, resulting in a figure of $28,452.91. (*See Def.'s Opp'n* [Doc. 8] 14:1–9.) See Cal. Civ. Code § 1793.2. Adding a civil penalty of twice that amount, or $56,905.82, yields a sum total $85,358.73. (*See Compl.* [Doc. 1-2, Exh. A] 30.) See Cal. Civ. Code § 1794. This is before factoring in attorneys' fees, which are available to Plaintiffs per Cal. Civ. Code § 1794(d).

Defendant shows to a preponderance of the evidence that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; Guglielmino, 506 F.3d at 701.

---

[4] Plaintiffs object to the inclusion of interest in this figure. (*See Reply* [Doc. 12] 7:12–15.) The Court need not rule on the objection, as even without including interest the amount in controversy is well in excess of $75,000. See 28 U.S.C. § 1332(a).

[5] Notably, Defendant does not use the $4,000 interest estimate in its mileage offset calculation, which would increase the offset to $8035.13. (*See Def.'s Opp'n* [Doc. 8] 14:1–9.)

Complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000. Thus, the Court has original jurisdiction over the subject matter of this case. See 28 U.S.C. § 1332.

### B. Comity

Plaintiffs argue that the Court should decline to exercise subject matter jurisdiction over the case on the grounds that: (1) the Court should exercise an ostensible authority to "veto" the exercise of original subject matter jurisdiction, given the state-law questions involved; and (2) removal was untimely. (*See Pls.' Mot.* [Doc. 6] 4:1–6:10.) Neither point has merit.

As to the first, federal courts generally do not have discretion to decline to exercise original subject matter jurisdiction. They have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976); see also Snodgrass v. Provident Life & Acc. Ins. Co., 147 F.3d 1163, 1167 (9th Cir. 1998); BNSF Ry. Co. v. O'Dea, 572 F.3d 785, 793 n.2 (9th Cir. 2009) ("[T]he diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims.").

The sole case Plaintiffs cite on this point, Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 313 (2005), is not to the contrary. (*Pls.' Mot.* [Doc. 6] 3:21–6:10.) Grable stands for the proposition that in the limited circumstance in which a federal question is embedded within a state-law claim, the exercise of federal jurisdiction pursuant to 28 U.S.C. § 1331 is subject to a "possible veto . . . [f]or the [embedded] federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." See 545 U.S. at

313–14. Plaintiffs present no authority that has extended this rule to the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6]

As to the second point, Defendant's removal was timely per the applicable statute.

"Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

The state-court action was filed on March 30, 2016. (*Compl.* [Doc. 1-2, Exh. A].) The case first became removable on February 15, 2017, when Plaintiffs dismissed Peck Jeep Eagle, a California corporation with its principal place of business in California.[7] (*See id.* [Doc. 1-2, Exh. A] ¶ 3; *Notice of Removal* [Doc. 1] ¶¶ 5–7.) As Plaintiffs are also California citizens and Defendant FCA US LLC is a citizen of the Netherlands, the dismissal of Peck Jeep Eagle created complete diversity of citizenship between the parties for the first time. (*See id.* [Doc. 1] ¶¶ 9, 10–16.) Defendant removed within 30 days of that dismissal, on February 27, 2017. (*Id.*) See 28 U.S.C. § 1446(b)(3). This was within one year of the filing of the case, on March 30, 2016. See 28 U.S.C. § 1446(c).

Plaintiffs urge the Court to remand the case based upon the nearly eleven-month gap between filing and removal, and based on the proximity between removal and the

---

[6] Plaintiffs' citation to O'Connell & Stevenson, Cal. Practice Guide: Federal Civil Procedure Before Trial (Rutter Group 2017), Ch. 2D-10(a)(3)(d), seems to contain an incorrect page number. Page 2D-10 does not contain any information relevant to the issue at hand.

[7] Accordingly, Peck Jeep Eagle was a California Citizen for the purpose of ascertaining the existence of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

12

original state-court trial date of March 17, 2017. (*Hamblin Decl.* [Doc. 6-1] ¶¶ 7–8.) To do so would vitiate the statutory limitations periods on removal, with which Defendant complied. There is no doubt that Defendant's February 27 removal was within 30 days from the date of receipt or service of Plaintiffs' February 15 dismissal of Peck Jeep Eagle, a "paper from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b)(3). There is no doubt that removal was within one year of the case's filing. See 28 U.S.C. § 1446(c).

Plaintiffs' comity arguments fail.

### IV. CONCLUSION & ORDER

In light of the foregoing, Plaintiffs' motion to remand is **DENIED**. [Doc. 6.]

**IT IS SO ORDERED.**

Dated: July 7, 2017

Hon. Thomas J. Whelan
United States District Judge