**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER PETROPOULOS, et al.,<br><br>                         Plaintiffs,<br>v.<br>FCA US LLC, et al.,<br><br>                        Defendants. | Case No.: 17-CV-0398 W (KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS [DOC. 36]; AND**<br><br>**(2) GRANTING PLAINTIFFS' MOTION TO RE-TAX COSTS [DOC. 43]** |

Pending before the Court are: (1) Plaintiffs' motion for attorneys' fees [Doc. 36]; and (2) Plaintiffs' motion to re-tax costs. [Doc. 43.] The Court decides the matters without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, Plaintiffs' motion for attorneys' fees is **GRANTED IN PART AND DENIED IN PART**; and Plaintifffs' motion to re-tax costs is **GRANTED**.

//
//
//
//

1

## I. BACKGROUND

On March 30, 2016, Plaintiffs Peter Petropolous and Connie Nelson brought this action in the Superior Court of California for violation of the Song-Beverly Act, *inter alia*, based on a defective 2011 Dodge Durango. (*Compl.* [Doc. 1-2, Exh. A].)

On January 13, 2017, Wirtz Law APC associated into the case "to prepare the case for trial." (*Pls.' Mot.* [Doc. 36-1] 7.) From that point forward, two plaintiffs' law firms billed on the case—Knight Law Group and Wirtz Law APC. (*Knight Law Group Invoice* [Doc. 36-2, Exh. A]; *Wirtz Law Invoice* [Doc. 36-3, Exh. A].)

Defendant FCA US LLC removed the case to this Court based on diversity jurisdiction on February 27, 2017. (*Notice of Removal* [Doc. 1].) Plaintiff filed a motion to remand on March 30, 2017. (*Mot. to Remand* [Doc. 6].) The motion was denied. (*July 7, 2017 Order* [Doc. 13].)

Parties settled the case on August 8, 2018 for $90,921.46. (*Pls.' Fees Mot.* [Doc. 36-1] 1; *Stipulation for Settlement* [Doc. 43-3, Exh. A].) Plaintiffs now move for costs, expenses, and fees on behalf of two law firms billing simultaneously. (*Id.* [Doc. 36-1]; *Mot. to Re-Tax Costs* [Doc. 43-1]; *Knight Law Group Invoice* [Doc. 36-2, Exh. A]; *Wirtz Law Invoice* [Doc. 36-3, Exh. A].)

On February 25, 2019, Plaintiffs submitted a Bill of Costs to the Clerk's Office in the amount of $20,336.20. (*Bill of Costs* [Doc. 35].) Defendant objected. (*Def.'s Objs. to Bill of Costs* [Doc. 38].) The Clerk's Office taxed costs in the amount of $3,203.77, disallowing $17,095.20 in witness costs, $9.95 for the filing of the notice of entry of dismissal in the state-court case, and $27.72 for an overnight courier. (*Order Taxing Costs* [Doc. 42].)

Plaintiffs now move to re-tax costs. (*Mot. to Re-Tax Costs* [Doc. 43-1].)

For the reasons that follow, the motion for attorneys' fees will be granted in part and denied in part. The motion to re-tax costs will be granted.

//
//

## II. LEGAL STANDARD

Under the Song-Beverly Act:

> If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action.

Cal. Civ. Code § 1794(d).[1]

State law applies in calculating the fees due in a diversity action. See Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995) ("Ninth Circuit precedent has applied state law in determining not only the right to fees, but also in the method of calculating the fees."). Attorneys fees awarded under Song-Beverly must be "based on 'actual time expended' and . . . 'reasonably incurred.' " See Doppes v. Bentley Motors, Inc., 174 Cal. App. 4th 967, 997 (2009) (quoting Cal. Civ. Code § 1794(d)). Per California law, the Court uses the lodestar method to calculate a reasonable fee award. Id.

"The lodestar adjustment method requires the trial court first to determine a touchstone or lodestar figure based on actual time spent and reasonable hourly compensation for each attorney." Doppes, 174 Cal. App. 4th at 998. " 'The touchstone figure may then be augmented or diminished by taking various relevant factors into account, including (1) the novelty and difficulty of the questions involved and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; and (3) the contingent nature of the fee award, based on the uncertainty of prevailing on the merits and of establishing eligibility for the award.' " Id. (quoting Robertson v. Fleetwood Travel Trailers of California, Inc., 144

---

[1] Parties have stipulated that Plaintiffs are the "prevailing party." (*See Stipulation for Settlement* [Doc. 43-3, Exh. A] ¶ 5.B.) See Cal. Civ. Code § 1794(d); Cal. Code Civ. Proc. § 1032(a)(4).

Cal. App. 4th 785, 819 (2006). "For Song–Beverly Consumer Warranty Act claims, [a] prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." Id. (quoting Nightingale v. Hyundai Motor America, 31 Cal. App. 4th 99, 104 (1994)).

### III. DISCUSSION

#### A. Motion for Attorneys' Fees

##### 1. Knight Law Group

###### a) Lodestar Figure - Hourly Rate and Hours Billed

The Knight Law Group ("KLG") attorneys working on this matter billed the following hours at the following rates. (*KLG Invoice* [Doc. 36-2, Exh. A].)

Steve Mikhov billed at the rate of $550/hour. He has practiced in the area of consumer law since 2003. (*See Mikhov Decl.* [Doc. 36-2] ¶¶ 26–28.) He billed 10.7 hours, for a total of $5,885.00. (*KLG Invoice* [Doc. 36-2, Exh. A].)

Russell Higgins billed at the rate of $450/hour. He has been an attorney since 2003. (*See Mikhov Decl.* [Doc. 36-2] ¶ 32.) He billed 15.1 hours, for a total of $6,795.00. (*KLG Invoice* [Doc. 36-2, Exh. A].)

Kristina Stephenson-Cheang billed at the rate of $375/hour. She has been practicing in this area since 2013. (*See Mikhov Decl.* [Doc. 36-2] ¶ 30.) She billed 11.2 hours, for a total of $4,200.00. (*KLG Invoice* [Doc. 36-2, Exh. A].)

Amy Morse billed at the rate of $350/hour. She has been practicing in this area since 2013. (*See Mikhov Decl.* [Doc. 36-2] ¶ 29.) She billed 27.4 hours, for a total of $9,590.00. (*KLG Invoice* [Doc. 36-2, Exh. A].)

Alastair Hamblin billed at the rate of $325/hour. (*See Mikhov Decl.* [Doc. 36-2] ¶ 33.) He has practiced in this area since 2016. He billed 5.9 hours, for a total of $1,917.50. (*KLG Invoice* [Doc. 36-2, Exh. A].)

Deepak Devabose billed at $275/hour. (*See Mikhov Decl.* [Doc. 36-2] ¶ 31.) He has practiced in this area since 2015. He billed 9.1 hours, for a total of $2,502.50. (*KLG Invoice* [Doc. 36-2, Exh. A].)

The lodestar amount of $30,890 is generally reasonable for 79.4 hours of attorney work.

### 2. Wirtz Law APC

#### a) Lodestar Figure - Hourly Rate and Hours Billed

The Wirtz Law APC attorneys working on this matter billed the following hours at the following rates. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A].)

Richard Wirtz billed at the rate of $575/hour. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8.) He has been an attorney in California since 1988 and specializes in this area. (*Wirtz Decl.* [Doc. 36-3] ¶ 4.) He billed 3.5 hours, for a total of $2,012.50. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8.)

Amy Smith billed at the rate of $375/hour. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8.) She has been a California attorney since 2012 and has specialized in this area since 2016. (*See Wirtz Decl.* [Doc. 36-3] ¶ 5.) She billed 18.4 hours, for a total of $6,900.00. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8.)

Jessica Underwood billed at the rate of $350/hour. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8.) She has been a trial attorney since 2015. (*See Wirtz Decl.* [Doc. 36-3] ¶ 6.) She billed 10 hours, for a total of $3,500.00. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8.)

Lauren Veggian billed at the rate of $350/hour. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8.) She has been licensed in New York since 2014 and in California since 2016. (*See Wirtz Decl.* [Doc. 36-3] ¶ 7.) She billed 16.7 hours, for a total of $5,845.00. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8.)

Erin Barns billed at the rate of $350/hour. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8.) She has been practicing in this area since 2012. (*See Wirtz Decl.* [Doc. 36-3] ¶ 8.) She billed 18 hours, for a total of $6,300.00. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8.)

| | |
|---|---|
| 1 | Rebecca Evans is a certified paralegal. She billed at $175/hour. (*Wirtz Law* |
| 2 | *Invoice* [Doc. 36-3, Exh. A] 8; *Wirtz Decl.* [Doc. 36-3] ¶ 8.) She billed 5 hours, for a |
| 3 | total of $875.00. (*Id.*) |

Rebecca Evans is a certified paralegal. She billed at $175/hour. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8; *Wirtz Decl.* [Doc. 36-3] ¶ 8.) She billed 5 hours, for a total of $875.00. (*Id.*)

Denali Wixsom is a certified paralegal. She billed at $175/hour. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8; *Wirtz Decl.* [Doc. 36-3] ¶ 8.) She billed 1.4 hours, for a total of $245.00. (*Id.*)

Samuel Albert is the firm's Director of Legal Services. He billed 1.5 hours at $175/hour, for a total of $262.50. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 8; *Wirtz Decl.* [Doc. 36-3] ¶ 10.)

The lodestar amount of $25,940.00 for 66.6 hours of attorney work, 6.4 hours of paralegal work, and 1.5 hours of staff time is reasonable—except for the billing reflecting a hearing on this motion, as discussed below. The average hourly rate billed is $389.49.

### (1) Hearing on Motion for Attorneys' Fees

In what would appear to be a mistake, Wirtz Law APC has billed 3 hours ($1,050 at $350/hour) for travel to/from and attending a hearing on this motion. (*Wirtz Law Invoice* [Doc. 36-3, Exh. A] 7.) As stated in the caption, this motion is decided without oral argument. There was no hearing. The billing is inappropriate.

Wirtz Law's invoice will be deducted $1,050.

### 3. Defendant Identifies No Unreasonably Duplicative Billing Entries.

Defendant argues that Plaintiffs' requested fees are unreasonable because Plaintiffs retained two law firms. (*Def.'s Opp'n* [Doc. 39] 4–9.) Defendant identifies no billing entries that would appear to be an unreasonable duplication of effort. The fee figure is $55,780 for 143 hours of attorney time and 7.9 hours of staff time[2]—for a case that

---

[2] This figure does not take into account the fees for litigating the taxation of costs, as discussed in Part III.B., *supra*.

originated in March of 2016 and did not settle until August of 2018. This is a time span of about 29 months, which works out to an average of just under 5 hours of attorney time per month, at a mean billable rate of $369.65. This is reasonable.

### 4. Multiplier

Per California law, "the lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001). " '[A] contingent fee contract, since it involves a gamble on the result, may properly provide for a larger compensation than would otherwise be reasonable.' " Id. (internal quotation omitted). "The purpose of a fee enhancement, or so-called multiplier, for contingent risk is to bring the financial incentives for attorneys enforcing important constitutional rights, such as those protected under the anti-SLAPP provision, into line with incentives they have to undertake claims for which they are paid on a fee-for-services basis." Id.

Plaintiffs contend that they should be awarded a fee multiplier because of the contingent nature of their fee arrangements with counsel. (*Pls.' Fees Mot.* [Doc. 36-1] 16–18.) On May 2, 2016, one month after filing the state-court Complaint and along with its answer, FCA US LLC served Plaintiffs with an offer to compromise pursuant to Cal. Civ. Proc. Code § 998. The settlement offer was for $51,000—more than the full $41,924.64 purchase price of the vehicle.[3] (*Id.* [Doc. 36] 5; *Notice of Removal* [Doc. 1] ¶

---

[3] Plaintiffs argue that Defendants' settlement offer created additional risks for Plaintiff because they would not be entitled to fees at all had they not attained a better outcome than the offer. (*Pls.' Fees Mot.* [Doc. 36] 17.) Plaintiffs are not entitled to compensation for this risk. The § 998 offer to compromise is designed to increase risk on Plaintiffs who refuse to settle a case. The Court would be vitiating the statutory scheme were it to offer additional compensation after the fact to those plaintiffs who surpass their § 998 offers.

7

18.) Yet Plaintiffs declined the offer and continued to aggressively litigate the case for more than two years. (*Pls.' Fees Mot.* [Doc. 36-1] 8.) On August 8, 2018, parties settled for $90,921.46. (*Id.*; *Stipulation for Settlement* [Doc. 43-3, Exh. A].) In the interim, Plaintiffs engaged the services of two law firms and incurred attorneys' fees obligations totaling more than $55,000. (*Id.* [Doc. 36-1] 19; *KLG Invoice* [Doc. 36-2, Exh. A]; *Wirtz Law Invoice* [Doc. 36-3, Exh. A].) Plaintiffs were not litigating important constitutional rights here. Nor were they representing the public interest. See Ketchum, 24 Cal. 4th at 1132. They were seeking compensation and statutory penalties for a defective Durango.

In light of the foregoing, and in light of the two law firms billing simultaneously on this lemon-law matter, a multiplier is not appropriate.

### B. Motion to Re-Tax Costs

Parties' settlement of this case included a stipulation that Plaintiffs are the prevailing party and are "entitled to an award of attorneys' fees and costs of suit reasonably incurred in the prosecution of this action." (*Stipulation for Settlement* [Doc. 43-3, Exh. A] ¶ 5.B.) The settlement further stated, "Attorneys' fees and costs of suit shall be evaluated according to the same principles, standards, and authority applicable to awards of fees and costs under California Civil Code section 1794." (*Id.*)

On February 25, 2019, Plaintiffs submitted a bill of costs to the Clerk's Office in the amount of $20,336.20. (*Bill of Costs* [Doc. 35].) Defendant objected. (*Def.'s Objs. to Bill of Costs* [Doc. 38].)

The Clerk's Office disallowed $17,132.87 in costs—$17,095.20 in witness costs, $9.95 for the filing of the notice of entry of dismissal in the state-court case, and $27.72 for an overnight courier. (*Order Taxing Costs* [Doc. 42].) It taxed costs in the amount of $3,203.77 of the requested $20,336.20.[4] (*Id.*) It reasoned that federal law and the Local

---

[4] This would appear to reflect a slight mathematical error. The difference between the amount requested and the amount disallowed is $3203.33.

8

1  Rules governed the award of costs incurred after removal. This reflects an incorrect
2  application of the Erie doctrine. See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).
3       As this is a diversity action over which the Court has jurisdiction pursuant to 28
4  U.S.C. § 1332, California substantive law governs the award of costs. See, e.g., Clausen
5  v. M/V NEW CARISSA, 339 F.3d 1049, 1065 (9th Cir. 2003), *as amended on denial of*
6  *reh'g* (Sept. 25, 2003). Defendant does not argue otherwise. The Song-Beverly Act
7  controls. See Cal. Civ. Code § 1794(d). This is in accord with the parties' settlement,
8  which stipulated that Plaintiff was the prevailing party and provided for the
9  reimbursement of reasonable costs incurred in prosecuting the case. (*Stipulation for*
10 *Settlement* [Doc. 43-3, Exh. A] ¶ 5.B.) Defendant does not show any of the taxed costs to
11 be unreasonable. Its objections are meritless.
12      Plaintiffs are entitled to reasonable attorneys' fees for securing the costs to which
13 they were entitled under the settlement.[5] See, e.g., Serrano v. Unruh, 32 Cal. 3d 621, 631
14 (1982). Plaintiffs request $3,850 for 11 hours of work, billed by Erin Barns of Wirtz Law
15 at the rate of $350/hour, for litigating the costs issue. (*Invoice for Mot. to Retax Costs*
16 [Doc. 43-12, Exh. I].) Plaintiffs will be awarded this amount in addition to the fee figure
17 discussed above.
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //

---

[5] Defendant's procedural objection to the inclusion of a request for additional fees in the later motion to re-tax costs is overruled. (*Def.'s Mot.* [Doc. 44] 1–2.)

### IV. CONCLUSION & ORDER

Plaintiffs' motion for attorneys' fees is **GRANTED IN PART AND DENIED IN PART**. [Doc. 36.]

Plaintiffs are awarded reasonable attorneys' fees in the amount of $55,780, plus $3,850 for litigating the taxation of costs—for a total of $59,630.

Plaintiffs' motion to re-tax costs is **GRANTED**. Costs are re-taxed in the amount of $20,336.20.

**IT IS SO ORDERED.**

Dated: May 29, 2019

Hon. Thomas J. Whelan
United States District Judge

10

17-CV-0398 W (KSC)